# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO:** |
| Plaintiff | **COMPLAINT** |
| vs. | RE: 139 Conesca Road, Raymond, ME 04071 |
| Julia L. Jones | Mortgage: April 18, 2007 |
| Defendant | Book 25033, Page 312 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Julia L. Jones, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and the Defendant, Julia L. Jones, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 dollars ($75,000.00), exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by the

Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Julia L. Jones, is the obligor and the total amount owed under the terms of the Note is two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is a corporation organized under the laws of the State of Minnesota with its principal place of business located at 425 Walnut Street, Cincinnati, Ohio 45202.

5. The Defendant Julia L. Jones is a resident of Raymond, County of Cumberland, and State of Maine.

## FACTS

6. On July 21, 2004, by virtue of a Warranty Deed from James L. Jones and Linda P. Jones, which is recorded in the Cumberland County Registry of Deeds in **Book 21580, Page 18**, as corrected by a Corrective Warranty Deed recorded in the Cumberland County Registry of Deeds in **Book 22049, Page 213**, the property situated at 139 Conesca Road, County of Cumberland, and State of Maine, was conveyed to the Defendant, Julia L. Jones, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On April 17, 2007, the Defendant, Julia L. Jones, executed and delivered to Downeast Mortgage Corporation a certain Note in the amount of $160,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on April 18, 2007, the Defendant, Julia L. Jones, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Downeast Mortgage Corporation, securing the property located at 139 Conesca Road, Raymond, ME 04071 which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 25033, Page 312.** *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. On September 1, 2011, the Defendant, Julia L. Jones, executed a Home Affordable Modification Agreement which decreased the principal balance of the Note to $159,019.35. *See* Exhibit D (a true and correct copy of the Home Affordable Modification Agreement is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A. by virtue of an Assignment of Mortgage dated June 7, 2013, and recorded in the Cumberland County Registry of Deeds in **Book 30753, Page 215**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by virtue of an Assignment of Mortgage dated April 1, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32188, Page 91**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The transfer of all the rights to the Plaintiff was further ratified and confirmed by a Court Order from the Cumberland County Superior Court, dated July 19, 2016, recorded in the Cumberland County Registry of Deeds in **Book 33571, Page 125**. *See* Exhibit G (a true and correct copy of the Court Order is attached hereto and incorporated herein).

13. On August 3, 2016, the Defendant, Julia L. Jones, was sent a Notice of Mortgagor's Right to Cure, as evidenced by a Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Julia L. Jones, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H

15. The Defendant, Julia L. Jones, has failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of September 29, 2016, is two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), which includes unpaid principal in the amount of one hundred fifty-five thousand, four hundred nine dollars and two cents ($155,409.02), interest due in the amount of thirty-four thousand, one hundred thirty-three dollars and thirty-three cents ($34,133.33),

escrow/impound required in the amount of seventeen thousand, four hundred sixty-seven dollars and twenty-three cents ($17,467.23), late charges due in the amount of four hundred thirty-two dollars and eighty-one cents ($432.81), and total advances in the amount of three thousand, five hundred five dollars and fifty-seven cents ($3,505.57).

19. Upon information and belief, the Defendant, Julia L. Jones, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 139 Conesca Road, Raymond, County of Cumberland, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Julia L. Jones, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2012, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of September 29, 2016, is two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), which includes unpaid principal in the amount of one hundred fifty-five thousand, four hundred nine dollars and two cents ($155,409.02), interest due in the amount of thirty-four thousand, one hundred thirty-three dollars and thirty-three cents ($34,133.33), escrow/impound required in the amount of seventeen thousand, four hundred sixty-seven dollars and twenty-three cents ($17,467.23), late charges due in the amount of four hundred thirty-two dollars and eighty-one cents ($432.81), and total advances in the amount of three thousand, five hundred five dollars and fifty-seven cents ($3,505.57).
26. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.
27. By virtue of the Defendant's breach of condition, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby demands a foreclosure on said real estate.
28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Julia L. Jones, on August 3, 2016, as evidenced by a Certificate of Mailing. *See* Exhibit G
29. The Defendant, Julia L. Jones, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.
31. On April 17, 2007, the Defendant, Julia L. Jones, executed and delivered to Downeast Mortgage Corporation a certain Note in the amount of $160,000.00. *See* Exhibit B.

32. The Defendant, Julia L. Jones, is in default for failure to properly tender the November 1, 2012, payment and all subsequent payments. *See* Exhibit H.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Julia L. Jones.

34. The Defendant, Julia L. Jones, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

35. The Defendant, Julia L. Jones's, breach is knowing, willful, and continuing.

36. The Defendant, Julia L. Jones's breach has caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of September 29, 2016, is two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), which includes unpaid principal in the amount of one hundred fifty-five thousand, four hundred nine dollars and two cents ($155,409.02), interest due in the amount of thirty-four thousand, one hundred thirty-three dollars and thirty-three cents ($34,133.33), escrow/impound required in the amount of seventeen thousand, four hundred sixty-seven dollars and twenty-three cents ($17,467.23), late charges due in the amount of four hundred thirty-two dollars and eighty-one cents ($432.81), and total advances in the amount of three thousand, five hundred five dollars and fifty-seven cents ($3,505.57).

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendant, Julia L. Jones, entered into a written contract with Downeast Mortgage Corporation who agreed to loan the amount of $160,000.00 to the Defendant, Julia L. Jones. *See* Exhibit B.

41. As part of this contract and transaction, the Defendant, Julia L. Jones, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Downeast Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

43. The Defendant, Julia L. Jones, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2012, payment and all subsequent payments. *See* Exhibit H.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Julia L. Jones.

45. The Defendant, Julia L. Jones, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

46. The Defendant, Julia L. Jones, is indebted to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the sum of two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant, Julia L. Jones.

47. The Defendant Julia L. Jones's breach is knowing, willful, and continuing.

48. The Defendant Julia L. Jones's breach has caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of September 29, 2016, is two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), which includes unpaid principal in the amount of one hundred fifty-five thousand, four hundred nine dollars and two cents ($155,409.02), interest due in the amount of thirty-four thousand, one hundred thirty-three dollars and thirty-three cents ($34,133.33), escrow/impound required in the amount of seventeen thousand, four hundred sixty-seven dollars and twenty-three cents ($17,467.23), late charges due in the amount of four hundred thirty-two dollars and eighty-one cents ($432.81), and total advances in the amount of three thousand, five hundred five dollars and fifty-seven cents ($3,505.57).

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Downeast Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Julia L. Jones, $160,000.00. *See* Exhibit B.

53. The Defendant, Julia L. Jones, is in default for failure to properly tender the November 1, 2012, payment and all subsequent payments. *See* Exhibit H

54. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Julia L. Jones, has been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

55. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Downeast Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Julia L. Jones, $160,000.00. *See* Exhibit B.

58. The Defendant, Julia L. Jones, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59. As a result, the Defendant, Julia L. Jones, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Downeast Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## COUNT VI – REFORMATION OF MORTGAGE

61. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. On July 21, 2004, James L. Jones and Linda P. Jones conveyed the subject property to the Defendant, Julia L. Jones, by virtue of a Warranty Deed, which is recorded in the Cumberland County Registry of Deeds in **Book 21580, Page 18**.

63. On November 17, 2004, James L. Jones and Linda P. Jones gave to the Defendant, Julia L. Jones, a Corrective Warranty Deed for the purpose of correcting the legal description in the prior Warranty Deed, which Corrective Warranty Deed is recorded in the Cumberland County Registry of Deeds in **Book 22049, Page 213**.

64. On April 18, 2007, the Defendant, Julia L. Jones, executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Downeast Mortgage Corporation, which is recorded in the Cumberland County Registry of Deeds in **Book 25033, Page 213**.

65. The legal description attached to the Mortgage Deed mistakenly used the deficient legal description incorporated in the Warranty Deed to the Defendant, instead of the legal description as corrected by the Corrective Warranty Deed. *See* Exhibit A.

66. The Mortgage Deed should have included the complete legal description, attached hereto as Exhibit A.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Julia L. Jones, is in breach of the Note by failing to make payment due as of November 1, 2012, and all subsequent payments;

d) Find that the Defendant, Julia L. Jones, is in breach of the Mortgage by failing to make payment due as of November 1, 2012, and all subsequent payments;

e) Find that the Defendant, Julia L. Jones, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Julia L. Jones, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2012 and all subsequent payments;

g) Find that Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, Julia L. Jones, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Julia L. Jones, is liable to the Plaintiff for money had and received;

k) Find that the Defendant, Julia L. Jones, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for quantum meruit;

l) Find that the Defendant, Julia L. Jones, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Julia L. Jones, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Julia L. Jones;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Reform the legal description of the Mortgage Deed to include the complete legal description, as evidenced by Exhibit A;

q) Additionally, issue a money judgment against the Defendant, Julia L. Jones, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of two hundred ten thousand, nine hundred forty-seven dollars and ninety-six cents ($210,947.96), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

                                                Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: December 14, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670