UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

_____

U.S. BANK TRUST, N.A., as        CIVIL ACTION
Trustee for LSF9 Master
Participation Trust,             Docket No: 2:16-cv-617-JAW

      Plaintiff


   -versus-


JULIA L. JONES,

      Defendant
_____

Transcript of Proceedings

Pursuant to notice, the above-entitled matter came on for **Oral Argument** held before **THE HONORABLE JOHN A. WOODCOCK, JR.,** United States District Court Judge, in the United States District Court, Edward T. Gignoux Courthouse, 156 Federal Street, Portland, Maine on the 29th day of June, 2017 at 11:00 a.m. as follows:

Appearances:

For the Plaintiff:   John A. Doonan, Esquire

For the Defendant:   John D. Clifford, V, Esquire


Dennis R. Ford
Official Court Reporter

(Prepared from manual stenography
and computer aided transcription)

```
 1              (Open court.  Parties present).
 2              THE COURT:  All right, we're here in the
 3   matter of United States Bank Trust versus Julia L.
 4   Jones, which is 16-cv-617-JAW.
 5         Will counsel please enter their appearances.
 6              MR. CLIFFORD:  John D. Clifford for the
 7   defendant.
 8              THE COURT:  Good morning, Mr. Clifford.
 9              MR. CLIFFORD:  Good morning, Your Honor.
10              MR. DOONAN:  John Doonan for the plaintiff,
11   Your Honor.
12              THE COURT:  Good morning, Mr. Doonan.  So I've
13   reviewed your very helpful memoranda.  I have some
14   specific questions of counsel and if I don't touch on
15   the things that you want me to consider, you can let me
16   know.
17         I note that the complaint in this case contains
18   five counts.  Count 1 is a regular foreclosure count;
19   second, Count 2 is a breach of note; Count 3 is a
20   breach of contract; four is quantum meruit and five is
21   unjust enrichment and the motion addresses both quantum
22   meruit Count 4 and Count 5 unjust enrichment.
23         So I have some questions for you, Mr. Doonan, on
24   quantum meruit and some questions for you, Mr.
25   Clifford, on the unjust enrichment.  First turning to
```

1    quantum meruit, Mr. Doonan, the standard quantum meruit
2    has been laid down by the Maine Supreme Judicial Court
3    in a number of cases.  One that is, I think, clearest
4    is this Paffhausen v. Balano case, 1998 ME 47 at
5    Paragraph 7.  That's 708 A.2d 269 and here they define
6    quantum meruit as follows:
7         Quantum meruit, sometimes labeled contract implied
8    in fact, involves recovery for services on materials
9    provided under an implied contract, and the Paffhausen
10   case, it seems to me, is sort of a classic where a
11   person performs carpentry work on a house and then, for
12   one reason or another, the -- in that case the woman
13   who promised to pay had died.  And so he says look, I
14   performed all of this labor and I placed carpentry
15   material inside of the house, I improved the house and
16   I'm entitled to assume the court can apply a contract.
17        I have been unable to see any case -- and you have
18   not cited a case -- in which a bank loan and a
19   promissory note is considered a service or a material
20   and I'm having trouble thinking of a bank loan, even
21   though it is to a promissory note, can be considered by
22   a court to be a service in the way that quantum meruit
23   is deemed a service or a good, like carpentry
24   materials.
25        Do you have any authority, any citation?  And I

```
 1    know that you do this for a living.
 2              MR. DOONAN:  I do, Your Honor.
 3              THE COURT:  Do you have any case in which --
 4    that you can point to me where a court has, in the
 5    circumstances of a promissory note and a foreclosure on
 6    a promissory note, concluded that a quantum meruit
 7    claim may stand?
 8              MR. DOONAN:  No, Your Honor.  To be brutally
 9    honest, no, I do not.
10         I would refer Your Honor to AFAB versus Town of
11    Old Orchard Beach, which talks about the concept of
12    giving something of value and separating that from the
13    rights under a promissory note.
14         When this closing initially occurred, something of
15    value was given to the debtors and that, in fact, was
16    either the credit, the payment or the paying of third
17    parties of money for their benefit.
18              THE COURT:  So you think the -- this is the
19    Aladdin Electric case you're talking about?  No, that's
20    a different one.
21              MR. DOONAN:  AFAB versus Town of Old Orchard
22    Beach, 39 A.2d 103 (1994).
23              THE COURT:  Right, but they cite that in the
24    -- they cite that in the Paffhausen case and they
25    define in Paffhausen, which is subsequent to the
```

1   <u>Aladdin Electric</u> case in the fashion I've just
2   described, quote, quantum meruit, also sometimes
3   referred to as -- sometimes labeled contract implied in
4   fact, involves recovery for services or materials
5   provided under an implied contract.
6           MR. DOONAN: I don't think, Your Honor, there
7   are any decisions one way or the other as to whether
8   the giving of money would fall under services or value
9   or things like that. I just don't think it's come up,
10  quite frankly, Your Honor.
11          THE COURT: Well, everything that I've seen in
12  terms of a claim for quantum meruit -- and I'm sure if
13  there were a case you'd know about it.
14          MR. DOONAN: I would hope so, Your Honor.
15  We're seeing an evolution, Your Honor, in the law in
16  this area, and with Deschenes and Bouchard currently
17  before the Law Court, I think you're going to see an
18  awful lot more -- not necessarily in this court -- but
19  you're going to see an awful lot more claims for
20  foreclosure, suit on the note.
21      My concern in bringing the quantum meruit would be
22  if whoever the factfinder is, if this matter doesn't
23  settle -- Mr. Clifford and I have a marvelous
24  relationship, but that's not --
25          THE COURT: I'm not surprised to hear that.

1            MR. DOONAN:  The idea of res judicata or issue
2    preclusion or something like that being argued at some
3    point later, if we don't bring it up now, we may lose
4    it for the future and after <u>Greenleaf</u>, Your Honor, I'm
5    gun shy.
6            THE COURT:  Alright, I understand.  You're
7    being cautious as an attorney.  An attorney should be
8    cautious in these matters.  I think your claim for
9    unjust enrichment stands on a different footing, and
10   I'll talk to Mr. Clifford about that, but I'm pretty
11   leery about expanding the view of -- the judicial view
12   of a quantum meruit to include -- because it just
13   strikes me to include a bank note, that just strikes me
14   as being something that quantum meruit doesn't
15   contemplate.
16        I'll take another look at <u>Aladdin Electric</u> to see
17   if -- I think this foots -- I'm having difficulty
18   putting this foot into this particular shoe, but why
19   don't I ask Mr. Clifford about unjust enrichment
20   because I think that may be your -- it may be your
21   fallback claim in the event the quantum meruit doesn't
22   succeed.
23        So, Mr. Clifford, the question of unjust
24   enrichment, you posit in your reply as follows -- and I
25   read it with some care -- you say as follows.  You

1   quote me, which is always good, and then you say,
2   there's a contract here, an undisputed contract.  The
3   plaintiff argues that despite the fact the defendant
4   admits the existence of a contract, the promissory
5   note, between defendant and plaintiff's predecessor in
6   interest, it is conceivable that this court could find
7   that no contract exists.  The undersigned submits it is
8   not conceivable.  In fact, defendant, having admitted
9   the existence of a contract, the existence going on of
10  that contract is not an issue in this case, exclamation
11  point.
12       The problem I see here is you do admit the
13  promissory note and the mortgage in Paragraphs 7 and 8.
14          MR. CLIFFORD:  Yes, Your Honor.
15          THE COURT:  But then you deny -- and the note
16  and the mortgage that you admitted was to Downeast
17  Mortgage Company.
18          MR. CLIFFORD:  That's correct, Your Honor.
19          THE COURT:  And you denied the validity of the
20  assignment to -- first to Bank of America.  You denied
21  that in Paragraph 10 and then you denied the validity
22  of the assignment to U.S. Bank in Paragraph 11.
23          MR. CLIFFORD:  That's correct, Your Honor.
24          THE COURT:  So let's assume for a moment that
25  you're successful in your maintaining that denial, then

1  there is no contract.  And the contract language, the
2  language in the cases is that there has to be a
3  contract, quote, between the parties, unquote.  That's
4  from Top of the Track.
5      It says, quote, here because the contract between
6  the parties forecloses the maintenance of Top of the
7  Track authority -- authorities, their claim against
8  Raceways for unjust enrichment, we affirm the judgment
9  in favor of Raceways.
10     If you had admitted the existence of the contract
11 between your client and the plaintiff, you'd have a
12 good point, but you haven't admitted the existence of
13 the contract between the plaintiff and your client.
14 You've admitted only the contract, existence of a
15 contract between a predecessor assignor.
16     What do I do with that?
17         MR. CLIFFORD:  Well, the problem with the
18 assignments, as my brother knows, had to do with the
19 MERS assignment, the initial MERS assignment to Bank of
20 America.
21     Bank of America took nothing by that, assigned --
22 thought it was assigning the mortgage to U.S. Bank.  In
23 fact, that wasn't successful, which is why John brought
24 the action in Superior Court to get an injunctive --
25 mandatory injunction basically under some very old

1   Maine law, which says that the holder of the note has a
2   right to demand assignment of the mortgage and the
3   court order operated as the assignment and perfectly
4   valid.  In fact, it's a way that John and I came up
5   with actually to solve these problems.
6       The note itself, Your Honor, as you can see in the
7   attachments to the complaint, is being held by U.S.
8   Bank.  There's absolutely no question about it.  They
9   are the holder of the note.  They've got -- first name
10  was Allonge and then there's a blank endorsement there.
11  So there's absolutely no question that his client
12  has --
13      THE COURT:  But you didn't -- the situation --
14  and I know you're very knowledgeable about these
15  matters, Mr. Clifford -- but if U.S. Bank cannot prove
16  the validity of the assignment --
17      MR. CLIFFORD:  It doesn't need to, Your Honor.
18  It has a court order that says that it is the holder --
19  that it is the owner of the mortgage, a perfectly valid
20  order from the Superior Court across the street and
21  it's, in fact, something -- as I said, a method that
22  brother Doonan and I came up with to solve MERS
23  problems.
24      THE COURT:  But that is not -- is it in the
25  complaint?

```
 1                MR. DOONAN:  Paragraph 12, Your Honor.
 2                MR. CLIFFORD:  Yes, sir.
 3                THE COURT:  Paragraph 12 says the mortgage was
 4   -- the transfer of all rights to the plaintiff is
 5   further ratified and confirmed by an order of the
 6   Cumberland County Superior Court, et cetera, et cetera,
 7   recorded and the attachment is made.  So are --
 8                MR. CLIFFORD:  And if you can look at G,
 9   you'll see the judge's order there, Your Honor.
10                THE COURT:  All right.  So you -- but in your
11   answer, you say defendant admits that Exhibit G in
12   Paragraph 12 of plaintiff's complaint is a court order,
13   but in further answering states that she was not a
14   party to the declaratory judgment action which gave
15   rise to all of the relief granted by Exhibit G, and
16   consequently the relief granted in said order is void
17   and of no effect as to her except to the last paragraph
18   thereof.
19                MR. CLIFFORD:  That's correct, Your Honor.  If
20   you read Justice Horton's order, he was using a form
21   that John was using early on which talks about nunc pro
22   tunc and we've since -- we're not using that anymore.
23         The final paragraph of the order is the one that
24   is important.  That's the one that creates the actual
25   assignment as of -- and I think he even says it -- as
```

```
 1     of the moment of signing.
 2            The other stuff has to do with an assignment that
 3     goes back in time to whenever MERS assigned this thing,
 4     this mortgage to Bank of America, as opposed to
 5     something that speaks as of the moment of the court's
 6     order.
 7            The reason that that's -- that it's important --
 8     what we say is important was that there had been a
 9     practice of naming mortgagors in DJ actions and actions
10     for injunctive relief to clear up the MERS problems
11     that were revealed by the Greenleaf decision.
12            It had been my position, and I think John agrees
13     with me now, that actually mortgagees -- mortgagors
14     have nothing -- have nothing to do with that.  That
15     status as a noteholder, as -- between the noteholder
16     and whoever has that mortgage has nothing to do with us
17     anymore than a regular assignment would have anything
18     to do with us for purposes of the complaint.
19            If the mortgage on your house is held by Bangor
20     Savings and they want to assign it to Camden National,
21     it's not up to you to say yes or no, and that's why we
22     don't feel that they should have anything to do with
23     these things, with these types of actions.  And
24     nowadays they don't, or at least it's very rare to see
25     with experienced lender counsel bringing in a mortgagor
```

1     into one of these basically DJ actions.  That's what
2     that answer's talking about.
3        The important part of our answer we're saying that
4     except for the last paragraph thereof, and the last
5     paragraph thereof is what gives John's client the
6     mortgage and therefore standing to be able to go
7     forward and foreclose the mortgage.
8        THE COURT:  So are you conceding for purposes
9     of this motion that there is, in fact, a valid
10    promissory note and that U.S. Bank Trust holds that
11    promissory note and a valid mortgage and that U.S. Bank
12    Trust holds that mortgage and can foreclose upon it?
13       MR. CLIFFORD:  Absolutely, Your Honor.
14       THE COURT:  Okay.  So then we get to the
15    question of whether or not you can -- so in light of
16    that, Mr. Doonan, why do you really need to have the
17    unjust enrichment claim?
18       MR. DOONAN:  Your Honor, Mr. Clifford's
19    position that he has clarified today was not abundantly
20    clear to me either, Your Honor.
21       THE COURT:  Right.
22       MR. DOONAN:  And just because -- out of -- to
23    be as careful as possible, Your Honor.
24       THE COURT:  Sure.
25       MR. DOONAN:  We may stipulate to something,

1  but Your Honor may not find that it's enforceable and
2  that was, in fact -- for instance in Greenleaf, we won
3  at the trial level and then when it went up on appeal,
4  my entire world changed.
5          THE COURT: Right.
6          MR. CLIFFORD: And I happened to be the agent
7  of that change, my dear friend.
8          MR. DOONAN: It's made me a lot of money, Your
9  Honor.
10          THE COURT: Right, I understand, but is there
11  any reason to proceed now that he's conceded this in
12  front of the court?
13          MR. DOONAN: If I may withdraw it without
14  prejudice, Your Honor, and with a tolling of the
15  statute of limitations. Those would be -- that would
16  be my real concern, that I would lose res judicata or
17  issue preclusion and a statute of limitations issue if
18  we went through this whole process and I was forced to
19  somehow bring a claim under that later.
20          THE COURT: What's the statute of limitations?
21          MR. DOONAN: I would guess, Your Honor, that
22  it's six years. I do not know that off the top of my
23  head.
24          MR. CLIFFORD: Could be as much as 20 years
25  after the date that the last payment is scheduled, so

```
 1      it could be, on the brand new one, 50 years out.
 2              MR. DOONAN:  It could be, Your Honor, but if
 3      we could toll the statute of limitations so I do not
 4      have that risk, then I would be willing to withdraw it.
 5              THE COURT:  When was the last payment here?
 6              MR. DOONAN:  Well, I believe, Mr. Clifford,
 7      Your Honor, is willing to agree to a tolling of the
 8      statute of limitations.
 9              THE COURT:  Are you?
10              MR. CLIFFORD:  Oh, yes, Your Honor.
11              THE COURT:  Okay.  So what I can do then is
12      dismiss both the quantum meruit and the unjust
13      enrichment claims without prejudice with the
14      understanding that Ms. Jones has conceded that the
15      statute of limitations will be tolled on both those
16      claims should it be necessary to bring -- to reinitiate
17      them.
18              MR. DOONAN:  Yes, Your Honor.
19              THE COURT:  All right.
20              MR. DOONAN:  And based upon that, I apologize
21      on behalf of Mr. Clifford and myself for wasting the
22      Court's time.
23              THE COURT:  That's all right.  I think we made
24      some progress.  Mr. Clifford, anything?
25              MR. CLIFFORD:  Nothing further, Judge.
```

```
 1            THE COURT:  Okay.  Thank you very much.  Nice
 2   to see you gentlemen.
 3            MR. DOONAN:  Thank you, Your Honor.
 4            (End of proceeding).
```

5                    **C E R T I F I C A T I O N**

6   I, Dennis Ford, Official Court Reporter for the United
7   States District Court, District of Maine, certify that
8   the foregoing is a correct transcript from the record
9   of proceedings in the above-entitled matter.
10  Dated:   June 30, 2017
11              /s/ Dennis Ford
12              Official Court Reporter